Can we just start with any comment you have on the remedy regarding the multiplicitous, the government's suggestion that we remand, of course, it's there. Well, I would tend to agree with the government that we should remand the case for recent years. But our reason is because we believe that the sentence was greater than necessary under 3553. But I believe that the proper remedy at this time procedurally would be to make that motion directly to the district court. And we could entertain it at that time. Other than that, we don't have an opinion on it. But to kind of get right into it. Hold on, wait, you have no opinion on whether or not it was proper to sentence on both counts of conviction when one's a lesser included offense? Well, I don't believe one of them is a lesser included offense. I think they're just both variations on the same, the convictions were for violation of 922G, possession of ammunition and firearm. And we've said that you can't be convicted on both of them violating double jeopardy, right? Correct. Okay. And you have no opinion on that? I mean, he's been convicted on both. I mean, clearly, you know, the question really is should we find one or both convictions unsupported by the evidence? Or should we just say, hey, vacate one? I would say vacate one. But I would say vacate two. Right. See, I'm getting that's where you're at. That's where I'm at. You know, but you're saying it would be indisputable to you that we're at least going to have to send this back so that he's only been sentenced on one of the two counts. Correct, Your Honor. All right. But they're concurrent sentences. I was looking for whether you had an opinion as to whether there's a resentencing issue left or whether we can just say vacate one or vacate two or vacate one or the other and, you know, and then it follows that there's no sentencing relief from that remedy. I thought you might say, no, that you should reopen the concurrent 115-month sentences just because of the multiplicity. Well, my opinion would be procedurally if we were back at the district court with this issue, then the district court could make that determination, perhaps based on the court vacating one of the convictions here. But if we don't vacate the judgment in its entirety, then there's still a sentence. I mean, he can't just go back and, or Judge Wright can't just go back and resentence, right? I mean, you've got to vacate both. You can make some argument like there's a sentencing package doctrine that we usually apply in the government's favor, but, you know, you can say it works for us, too. It was a whole package and, you know, that it might matter. And so you should vacate the whole thing, let the judge resentence. You know, because the insufficiency of the evidence, the moving in interstate commerce issue, if that's the decisional point, that seems relatively tied to the possession of the firearm itself. Because the spent rounds in the matching casings are, you know, they moved in interstate commerce. That's just not part of the dance on that count. Sure. So the interstate commerce argument primarily relates to the gun count. True. And the insufficiency of the evidence as it relates to the ammunition just has to do with the fact that, unfortunately, North Minneapolis is covered with spent casings, mostly also from this 9-millimeter Luger round. That's the most common ammunition that we see out there. And so, of course, if we're going to find ammunition on the ground, it's probably going to be that. There's commerce evidence on the face of the casings. They say Luger, right? Correct, Your Honor. If those casings have to do with the weapon that my client allegedly discharged, then that's the nexus. Correct. We have a video. And we have, you know, because everything's got to be viewed in a light most favorable to the verdict, right? Of course. And so you've got the video. You've got the location of the shells, which appear to be matching. You've got the jury getting to decide whether that's your guy or not your guy. And once the jury draws whatever reasonable inference says, aren't we bound by all that? OB says the government has to prove on an ammunition charge. You've got to prove that the ammunition came from a gun that was fired when the defendant was possessing it. Correct, Your Honor. And we did review OB, and the court's rationale in there makes good sense, but the facts are a little bit different there. And significantly, the ammunition in that case was not all over one of the most frequent sites for gunfights in north Minneapolis. And I believe in your case — That's a jury question. Well, and in the OB case also, I believe the firearms expert testified that they knew that these were new casings because one of them was actually just sitting upright. Like, it was like a brand-new casing. In our case, we have that the testimony is like, it probably is not old, and maybe it's been there for a while, maybe not. It's not conclusive. It's not — we know for sure that these spent shell casings are the ones that came out. Nobody could tell you that. Nobody testified to that, notably. So the evidence is certainly much stronger as it relates to this firearm, where, in essence, I think we had a situation similar to — we know that Santa Claus, our expert witness, our star cooperating defendant says it was Santa Claus who did it. And the department goes out, and the agents talk to all the elves, but do not have any interest in talking to Santa Claus himself. That's what this is. We have our cooperating witness identifying a 919. A ship said he fired the gun. And the video corroborated that. And then, you know, the circumstantial timing evidence seems to me pretty — is strong enough that it's very hard for an appellate court to reverse that verdict on the OB issue. And it's a high standard. We acknowledge that it's a high standard. We would defer — as to the issue of how we should deal with the multiplicity of counts, it would depend on how this Court rules on the issues before it that were raised in our brief, and we would rest on those arguments. Well, I guess if the insufficiency argument, including denial acquittal — to me, that's two sides of it. Exactly. Probably one coin. And then you've got a substantively unreasonable sentence. If we're not persuaded by those arguments, it seems to me on the multiplicity, the logical thing for us to do would be to say we remand with instructions to vacate one of the two counts and otherwise affirm. Now, if you don't like the — if you have a problem with the and otherwise affirm in that situation, that is, we've rejected your main appeal, your other issues, I'd like to hear that. In other words, if you think there's some reason that just the multiplicity might open up a — for example, might open up a sentence that is otherwise not substantively unreasonable. I think a lot of it has — well, it has to do with how the Court will resolve this, but I'll note that the co-defendant here was only sentenced on the second count, the ammunition count. He was acquitted, or the first count was dismissed, the gun count. And part of the reasonableness of the sentence had to do with perhaps. We don't know. The judge didn't make this particular determination at sentencing. But maybe it did matter to the judge that there were both counts for Mr. Haynes as compared to only the one count for Mr. Shipp. So just to simply merge it may not be enough. We would ask that the Court — Potentially, yeah. Okay. Well, that seems to me that — I thought that you would probably come there and I — Be noncommittal to the Court. I apologize. No, I think — Well, you don't want to be noncommittal because otherwise you're going to get the — I mean, if we don't think that it's a substantively unreasonable sentence and we just remand, just miss one count, your client's going to sit for the same amount of time and you have like an absolutely pyrrhic victory. Whereas if you say it's all part of a sentencing package and the judge might have viewed the case differently — I think the judge may have, Your Honor, just looking, because we do have a co-defendant who was sentenced to significantly less. Obviously, the offense conduct is different, but significantly less. So I think that may have mattered. So I would like to at least have that left open for the trial court. I think it usually — there's often, as Judge Erickson says, in sentencing packaging and other issues — Yeah. — that can be triggered by this kind of multiplicity or lesser included offense problem. Okay. Thank you. May it please the Court. Counsel. Good afternoon, Your Honors. Ms. McCauley. David Genrich on behalf of the government. And I would start where the Court has directed most of its inquiry, which is the remedy with respect to multiplicity. The government's position is that should this Court affirm with respect to the verdicts and the substantive reasonableness of the sentence, that the matter should be sent back to vacate one of the counts of conviction and the accompanying sentence, but not to reopen for a full resentencing. For legal authority — Preclude it is the question. Preclude it. Preclude resentencing. And why is that? For legal authority, Your Honor, several of the cases discuss this from the circuit, but certainly the Grimes case is on point and cited in the government's brief. And in Grimes, the defendant, in a double jeopardy violation on multiplicity, analogous to this one in the 922G context, asked that the Court — This Court said that it disagreed, however, because the sentences for the counts were run concurrently and cited a case for this proposition in parenthetical. We do not perceive any need for resentencing due to the similarity of the offenses involved. Notwithstanding defense in the Court's inquiry about whether the fact that in this case he was convicted both of the gun and the ammo and Mr. Shipp pleaded guilty only to the ammo, there's no evidence in the record with respect to the district court's rationale for a sentence that it relied on the fact that he was convicted of two counts versus one or simultaneous possession of both the gun and the ammo. The question is that if the district court had known that it was only convicting on one sentence, particularly whether it's the gun or the ammunition, when the co-defendant, cooperator, who has been convicted of only one, gets a significantly lower sentence, which is not substantively unreasonable, you know, unless they're truly similarly situated, but would the Court have been persuaded or influenced not to go all the way to 115, which was what almost the top of the range, as I recall? Your Honor. And why should we preempt the district court from giving that some thought? Your Honor, the record here in the government's estimation reflects that that was not and would not be a consideration for the district court. And here's why. Counsel, Judge Kovacs, why not let the district court confirm that? I mean, it would be a simple matter. I guess I'm wondering, I understand you're taking the position you're taking, but I don't see the harm in it. Judge Kovacs, I think that's fair. I'm not suggesting that the district court isn't capable of that. And if this Court wants to defer to the district court to ensure that that's not a consideration, I can't rule out categorically that the district court would say it wouldn't consider it because it didn't make a record on that. Is there any authority that would prohibit us from doing that? No. You know, even though that's true, we do have the sentencing transcript and we do have what Judge Wright talked about, and it seems pretty clear that she talked about the defendant's upbringing. She talked about the defendant's experience and life factors. She talked about the fact that he'd spent 20-plus months in a county jail, which was a harder time than doing it within the Bureau of Prisons. She talked about his criminal history. She talked about the circumstances of the offense, and it looks like the driver, sort of aggravating driver, was really the circumstances of the offense. This was during daytime hours that the neighborhood was occupied, that multiple shots, at least a dozen, were fired, and that a round, you know, went through a window, and, you know, look, everybody put in front of the jury, the judge, and everyone else, the photograph of the bullet passing through the window, and there are children sitting in that place, and that that's the real driver. And so it seems to me the real question on the whole, should we send it back or not, is there evidence in this record from which we could determine that it's an open question, or are we to look at this record and say, you know, I don't think she cared, whether it was the gun or the bullets, possession of whatever. The real driver in this case was his criminal history and the aggravating circumstances of the shooting. Your Honor, I think that's an excellent summary of the record and the district court's rationale with respect to its sentence. I don't think there's any suggestion, implication, even a shadow of a nod to the notion that the fact he was convicted of both the gun and the ammo made any difference to the district court. Now, to Judge Kobus' question and Judge Loken's question, this court would have the discretion to remand for resentencing if it wishes, and there's nothing explicit in the record from Judge Wright saying, if he'd only been convicted of one, my sentence would be different. But everything the court cataloged, Judge Erickson, is accurate as to what the district court relied on, and none of that depends on whether a defendant was convicted of one or two counts. The court sentenced concurrently. If the court felt that one or the other was a plus factor, it could have sentenced consecutively. And importantly, on Mr. Shipp, first of all, procedurally Mr. Shipp's in a different place because Mr. Shipp pleaded guilty to one of two counts and the government dismissed the other. Happens every day, of course, and nothing can be inferred from that about the nature of the offense conduct. Secondly, in the factual basis of Mr. Shipp's plea agreement, he admitted that he handed Mr. Haynes a loaded firearm. So there's no question on the facts of Mr. Shipp's case that the district court understood that Mr. Shipp was also in possession of a handgun, not just ammunition, the very handgun that was used by Mr. Haynes on the streets of North Minneapolis. So from a relevant conduct or a factual predicate basis, Mr. Shipp admitted the possession of the handgun as well as the ammunition. The fact he pleaded only to one, of course, did not and would not prohibit the district court from considering the possession of the handgun and sentencing Mr. Shipp, who had a number of other distinguishing characteristics. So I don't think Mr. Shipp's procedural posture nor distinguishes him in terms of the district court's consideration. And in fact this Frankly, what troubles me is we stress the substantial sentencing discretion that district courts have. Obviously, on the hypothetical we're debating, we've already concluded and explained why the 115 months is not substantively unreasonable. But does this, would this in the district court's perception, change this lack of, this two count, only one count instead of two and having maybe considered the two as two different offenses and you're getting a break to only get 115 months, isn't it prudent under the Booker-Gaul jurisprudence to give the court a chance to go up or down on that? Well, let me approach it from a different direction, not abandoning the arguments I've already submitted, Your Honor. And that is there are at least four cases, and they're all cited in the government's brief, where on a multiplicity record, that this court's language is, this court remands to vacate on one of the two counts of conviction and the accompanying sentence and maintain judgment as to the other. In each of those cases, and certainly Grimes, which this court addressed directly, whether it should be remanded for resentencing or merely to vacate, this court has chosen to order vacate only. So if the court's position... I'm not on at least one of those panels. I looked on Grimes, Your Honor, and you were not, but perhaps on one of the others. I'm not on the receiving end of one of those cases. If we adopted the reasoning that a district court should always, and I'm not suggesting that's the court's position, but it can't be the case that we always give a district court... My point is sound. What crosses my mind is don't remand for resentencing... Correct. ...but don't preclude the court revisiting, let's put it that way, the 115 months, versus just say otherwise affirmed. I would say that it's two things which are largely reiterative. One, this court's precedent recognizes that vacate without that option that you've just outlined is an appropriate remedy, not the exclusive appropriate, but an appropriate remedy, and nothing in this case distinguishes it from those other cases. And secondly, on the particular record in this case, there's no indication that the district court would have sentenced differently based on a single count of conviction. Thank you very much, Your Honors. Thank you. Is there... All right, I... I think I'm out of time, Your Honor. Yes, and I appreciate the candor and helpfulness of both counsel on this issue, which just struck me as not self-evident. And so I think argument was definitely worth having, and you've briefed an argument well, we'll take it under advisement.